Johnson *v.* State.

## JOHN TOM JOHNSON *v.* THE STATE.

1. CRIMINAL LAW.  *Omission of christian name of a juryman in record. Reversal.*  The record recited the names of eleven jurymen in full, and "Whitaker." Held, this is no ground of reversal, there being no objection raised in the count below. The recital of the record that "the following good and lawful men were selected," is conclusive, and is no ground of reversal.

2. SAME.  *Officer in charge of jury.*  Where an officer was sworn to take charge of a jury and return from time to time under the orders of the court during the continuance of the trial, he is the officer in charge during the entire trial, and is bound by his oath all the time the trial continues, and it is not necessary, upon retiring from time to time with the jury, to swear the officer again.

### FROM JACKSON.

Appeal from the Circuit Court.  McCONNELL, Judge.

MURRAY, GOODPASTURE, BUTLER and YOUNG for plaintiff.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

Plaintiff in error was convicted of murder in the second degree in the Circuit Court of Jackson county, and sentenced to ten years' confinement in the penitentiary. He insists that several errors were committed on the trial, for any one of which a new trial should be granted.

In making up the jury the record recites that the

"following good and lawful men were selected, to-wit, John Smith, Ellis M. Carlisle, Whitaker," and **nine** others, whose names are set out, making twelve jurors, counting the name "Whitaker" as one.

The objection taken, and argued plausibly and ingeniously is, that the name Whitaker cannot be counted as a juryman because we cannot tell for whom it stands, whether it represents a man or woman, or whether it be a christian or surname; and if either, to whom it belongs. The answer is, that it represents a person inspected and tried by the court, and accepted by defendant as a competent and, in the language of the record, a "good and lawful juror." No exception to his competency appears in the record, and it is certain that the name represents one of the jurors who tried the case, and the record declares that he was "a good and lawful" man.

We are of opinion, therefore, that there is nothing in this objection.

It is further argued that the record does not show that the officer having charge of the jury was sworn as required by law. When the jury was made up and sworn, and after hearing part of the evidence, they were placed under the "charge of Asa Johnson, sheriff of Jackson county, who was sworn to keep said jurors together, separate and apart from all other citizens, and not to suffer any person to communicate with them, nor suffer them to communicate with any other person; nor will he, the sheriff, communicate with them upon the subject of this trial; and he, the sheriff, would return them into court on the next

morning at eight o'clock, and from time to time under the orders of the court during the continuance of the trial."

For the four consecutive days the record shows that the jury retired upon adjournment, under the charge of "their said sworn officer," to be returned into court the next morning, and that each morning they did so appear in charge of their said officer. It does not appear that the sheriff's oath or duty was violated during the continuance of the trial, or that any communication was had by the jurors with others than themselves, their officer, and the court.

The record, we are of opinion, also shows that the same officer had them under his charge during the whole trial, and that he was bound by his oath during all the time the trial continued.

The facts fully sustain the verdict. Indeed, the jury have dealt with great tenderness, in their verdict, with the defendant. And there is no error in the record of which he has any ground to complain, and the judgment is affirmed.